# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: JOHN T. LAMARTINA
HOWELL, ET AL.

**CIVIL ACTION**

**No. 19-10334**

**SECTION I**

## ORDER & REASONS

On this date, in a separate but related appeal[1] filed by John Howell and Elise LaMartina (together, the "appellants") the Court adopted and affirmed the United States Bankruptcy Court's decision, which, in part, issued a permanent injunction against the appellants. The injunction orders the following:

> Elise LaMartina, John LaMartina-Howell, and Pooter T, LLC, their officers, managers, agents, servants, employees, representatives and attorneys, and any person or entity owned by, controlled by or in privity with any of the above, are hereby permanently enjoined and restrained from commencing or continuing any action or proceeding in any court, except [the United States Bankruptcy Court]:
>
> (i) against the Trustee, the Trustee's General Counsel, or the Trustee's Special Counsel, on account of, related to or otherwise arising out of their service and actions directly or indirectly in connection with or related to this bankruptcy case as Trustee and/or as counsel to the Trustee,
>
> (ii) to assert dominion or control over property of the bankruptcy estate (including, without limitation, the Mortgage Note ("Note") secured by Condominium Unit No. 5 at 665 N. Beau Chene Dr.), and/or
>
> (iii) to affect property of the bankruptcy estate or the administration of this bankruptcy estate.

---

[1] *In re Howell*, Civil Action No. 19-10068, R. Doc. No. 11.

The injunction further orders:

> Elise LaMartina, John LaMartina-Howell, and Pooter T, LLC, their officers, managers, agents, servants, employees, representatives and attorneys, and any person or entity owned by, controlled by or in privity with any of the above, are hereby permanently enjoined and restrained from commencing or continuing in [the United States Bankruptcy Court] or in any other court, any claim or cause of action raised in [ ] Adversary Proceeding [18-1006] or arising out of the same nucleus of operative facts as set forth in [such] Adversary Proceeding, including without limitation, any claim or cause of action relating in any way to
>
> > (i)    the ownership of the Note;
> >
> > (ii)    the nucleus of operative facts surrounding the determination of ownership of the Note, litigation concerning the Note and anything arising out of that Note, and any allegations as to alleged misconduct by any of the Defendants in connection with any prior litigation relating to the ownership of the Note; and
> >
> > (iii)    the nucleus of operative facts in any way relating to [the United States Bankruptcy Court's] issuance of the Turnover Order entered on May 1, 2015 . . . ordering the turnover of the Note to the Trustee as property of the estate.

Because the present appeal seeks to litigate these same issues,[2] it violates the permanent injunction now in force.

Accordingly,

**IT IS ORDERED** that the bankruptcy court's decision is **AFFIRMED.**

New Orleans, Louisiana, May 31, 2019.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[2] *See generally* R. Doc. No. 1-3.